IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CORTEZ T. HARMON,                              :
                                               :
              Petitioner,                      :
                                               :
      v.                                       :     Civil Action No. 15-166-RGA
                                               :
G.R. JOHNSON, Warden, and                      :
ATTORNEY GENERAL OF THE                        :
STATE OF DELAWARE,                             :
                                               :
              Respondents.                     :

---

### MEMORANDUM

In January 2016, the Court denied Petitioner Cortez T. Harmon's habeas Petition as time-barred. (D.I. 12; D.I. 13)  Presently pending before the Court is Petitioner's letter Motion for Reconsideration. (D.I. 14)

### I.      STANDARD OF REVIEW

A "motion labeled only as a motion for reconsideration" is treated as the "functional equivalent" of a motion filed pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend a judgment,[1] especially when the motion is filed within the time set forth in Rule 59(e). *See, e.g., Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985)("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e)."). Rule 59(e) is "a device [] used to allege legal error,"[2] and must rely on one of three major grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when

---

[1]*Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir. 1985).
[2]*See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## II.   DISCUSSION

Petitioner does not identify the authority under which he filed the instant letter Motion for Reconsideration. However, since he filed the Motion within twenty-eight days after the entry of the Court's judgment,[1] the Court will treat the Motion as though filed pursuant to Rule 59(e). *See, e.g., Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009).

In his Rule 59(e) motion, Petitioner appears to contend that the Court should not have dismissed his Petition as time-barred because he had to wait for the Delaware State Courts to rule on his first Rule 61 motion that was filed in 2013 before could he file a federal habeas petition. (D.I. 14 at 2) This argument is unavailing. As the Court explained in its Memorandum Opinion, Petitioner's first Rule 61 motion tolled the limitations period from February 9, 2013 through May 28, 2013. *See Harmon v. State*, 2016 WL 183899, at *4 (D. Del Jan. 14, 2016). After the Delaware State Courts denied his first Rule 61 motion, Petitioner still had 250 days in which to timely file a federal habeas petition, which he failed to do. In other words, Petitioner's

---

[1]Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court denied Petitioner's Petition on January 14, 2016. (D.I 12; D.I. 13) Petitioner's Motion for Reconsideration is dated January 28, 2016 and postmarked January 29, 2016. Both of these dates fall within the twenty-eight day period provided for in Rule 59(e).

contention that the pendency of his first Rule 61 motion somehow prevented him from timely filing his Petition lacks merit.

Moreover, to the extent the Court should liberally construe Petitioner's assertion that he could not have "two things filed at one time" (D.I. 14 at 2) as an argument that the Court should have equitably tolled AEDPA's limitations period during the pendency of his second and third Rule 61 motions, the argument is also unsuccessful. AEDPA's one-year limitations period had already expired by the time Petitioner filed his second and third Rule 61 motions in April and August 2014,[3] and a state post-conviction motion filed after the expiration of AEDPA's limitations period does not extend or revive the limitations period. *See Long v. Wilson,* 393 F.3d 390, 394-95 (3d Cir. 2004) (state post-conviction relief petition had not effect on tolling because the limitations period had already run when it was filed). *Jones v. Warren*, 2013 WL 5674167, at *2 (D.N.J. Oct. 15, 2013). In short, there was no time left in the limitations period that could be equitably tolled.

Finally, to the extent Petitioner merely re-asserts the same arguments he presented in his Petition, he has not presented any intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reconsideration. For all of these reasons, the Court concludes that the instant Rule 59(e) Motion fails to warrant reconsideration of the Court's prior denial of Petitioner's Petition.

## III.    CONCLUSION

Based on the foregoing, the court will deny Petitioner's Rule 59(e) Motion for Reconsideration. The Court will not issue a certificate of appealability, because Petitioner has

---

[3]*See Harmon*, 2016 WL 183899, at *4.

failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

A separate Order will be entered.


DATED: May ___, 2016

UNITED STATES DISTRICT JUDGE